NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
KATHY YU (Cal. Bar No. 268210)
PUNEET V. KAKKAR (Cal. Bar No. 259816)
OCDETF Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2431/5728
    Facsimile: (213) 894-0141
    E-mail:    kathy.yu@usdoj.gov
               puneet.kakkar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-64 |
|---|---|
| Plaintiff, | |
| v. | AMENDED PLEA AGREEMENT FOR DEFENDANT WILLIAM THOMAS GLARNER IV |
| WILLIAM THOMAS GLARNER IV, aka "Billy," | |
| Defendant. | |

1. This constitutes the amended plea agreement between WILLIAM THOMAS GLARNER IV, also known as "Billy" ("defendant"), and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Possession with Intent to Distribute Methamphetamine in violation of Title 21, United States Code, § 841(a)(1), (b)(1)(A).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

                    THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSES

4. Defendant understands that for defendant to be guilty of the crime charged in the sole count of the information, that is, Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A), the following must be true: First, defendant knowingly possessed methamphetamine; and second, the defendant possessed it with the intent to distribute it to another person.

5. Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentence set forth below, the government must prove beyond a reasonable doubt that defendant attempted to distribute or possessed with the intent to distribute at least 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers. Defendant admits that defendant, in fact, possessed with intent to distribute more than 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

## PENALTIES

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), is: life imprisonment; a

1 lifetime period of supervised release; a fine of $10,000,000 or twice
2 the gross gain or gross loss resulting from the offense, whichever is
3 greatest; and a mandatory special assessment of $100.
4     7. Defendant understands that the statutory mandatory minimum
5 sentence that the Court must impose for a violation of Title 21,
6 United States Code, Section 841(a), (b) is: 10 years' imprisonment,
7 followed by a 5-year period of supervised release, and a mandatory
8 special assessment of $100.
9     8. Defendant understands, therefore, that the total maximum
10 sentence for the offense to which defendant is pleading guilty is:
11 life imprisonment; a lifetime period of supervised release; a fine of
12 $10,000,000 or twice the gross gain or gross loss resulting from the
13 offenses, whichever is greatest; and a mandatory special assessment
14 of $100.
15     9. Defendant understands that under 21 U.S.C. § 862a,
16 defendant will not be eligible for assistance under state programs
17 funded under the Social Security Act or Federal Food Stamp Act or for
18 federal food stamp program benefits, and that any such benefits or
19 assistance received by defendant's family members will be reduced to
20 reflect defendant's ineligibility.
21     10. Defendant understands that supervised release is a period
22 of time following imprisonment during which defendant will be subject
23 to various restrictions and requirements. Defendant understands that
24 if defendant violates one or more of the conditions of any supervised
25 release imposed, defendant may be returned to prison for all or part
26 of the term of supervised release authorized by statute for the
27 offense that resulted in the term of supervised release.
28

11. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12. Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

13. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of

guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on or about a date unknown, until March 14, 2019, in Orange County, within the Central District of California, and elsewhere, defendant illegally distributed controlled substances on one of the world's largest darknet marketplaces. The term darknet marketplace refers to commercial websites that operate on darknets like Tor. Tor and other darknets are networks of computers that utilize some of the same architecture of the Internet, but which provide greater anonymity and the obfuscation of user identities. Vendors sell goods and services on the darknet often in exchange for virtual currency, such as Bitcoin, which is a currency that keeps the user publicly anonymous. Because of this anonymity, darknet marketplaces are commonly used to facilitate illegal transactions involving, among other things, drugs.

Using at least three monikers to obscure his true identity on the darknet, defendant conducted over 1,500 sales of controlled substances, including methamphetamine, on the darknet. Defendant would obtain drugs from various sources of supply, and along with others, would fulfill sales made on the darknet to customers around the country. Defendant's associates would mail the drugs to customers using services such as the United States Postal Service and commercial couriers such as Federal Express.

On March 14, 2019, law enforcement conducted a search warrant of defendant and his residence. Law enforcement found approximately 450

grams of methamphetamine in defendant's closet, approximately 179.3 grams of methamphetamine in defendant's bedroom, and approximately 115.5 grams of methamphetamine in defendant's garage. Further, law enforcement found approximately 1530 grams of methamphetamine in defendant's bed, and approximately 212 grams of methamphetamine in defendant's car that he was driving that day. Some of this methamphetamine was packaged for purposes of distribution for orders placed on the darknet. Defendant agrees that he possessed with intent to distribute no more than five kilograms of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

## SENTENCING FACTORS

14. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of convictions.

15. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:           32 [U.S.S.G. § 2D1.1(a)(5),

(c)(4)]

| Specific Offense Characteristic: Distribution Through Mass Marketing | +2 | [U.S.S.G. § 2D1.1(b)(7)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

16. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

18. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.    The right to persist in pleas of not guilty.

    b.    The right to a speedy and public trial by jury.

    c.    The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be

represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that could be filed.

## WAIVER OF RETURN OF DIGITAL DATA

19. Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

## WAIVER OF APPEAL OF CONVICTIONS

20. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

21. Defendant agrees that, provided the Court imposes a total term of imposes a term of imprisonment within or below the range corresponding to an offense level of 31 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 18-10 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

22. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of

imprisonment of no less than ten years, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

23. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this amended plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

24. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

25. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.



## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

26. Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant



understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

29. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

NICOLA T. HANNA
United States Attorney

*/s/ Puneet V. Kakkar*

KATHY YU                                       May 8, 2019
PUNEET V. KAKKAR                               Date
Assistant United States Attorneys

*/s/*

WILLIAM THOMAS GLARNER IV                      5-8-19
Defendant                                      Date

*/s/*

BENJAMIN LECHMAN                               5/8/19
Attorney for Defendant WILLIAM THOMAS          Date
GLARNER IV

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_/s/ William Thomas Glarner IV_  5-8-19
WILLIAM THOMAS GLARNER IV         Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am WILLIAM THOMAS GLARNER IV's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible

14

pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty plea pursuant to this agreement.

_____  5-8-19
BENJAMIN LECHMAN              Date
Attorney for Defendant WILLIAM
THOMAS GLARNER IV